UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNY C. GODOWSKI,

    Plaintiff,

v.                                       Case No. 3:16cv354-RV-HTC

CITY OF PENSACOLA, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Johnny Godowski ("Godowski") proceeding *pro se* and *in forma pauperis* files this § 1983 civil rights action against Defendants City of Pensacola (the "City") and Officer Bradley Craig ("Officer Craig") for false arrest and malicious prosecution in violation of the Fourth Amendment, arising out of Godowski's arrest for driving under the influence. ECF Doc. 9. This matter comes before the Court on the City's Motion for Summary Judgment (ECF Doc. 54). The motion has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E).

After carefully considering the motion, Godowski's response (ECF Doc. 55) and the City's reply (ECF Doc. 56), the undersigned recommends that the motion be GRANTED. The undersigned finds there was probable cause to arrest Godowski for driving while intoxicated, thus, preventing a claim for violation of the Fourth

1

Amendment. The undersigned also recommends that Godowski's claims against Officer Craig be dismissed pursuant to Federal Rule of Civil Procedure 4(m), for failure to effectuate service.

## I. UNDISPUTED FACTS

1. On the evening of July 10, 2012, carrying over to the morning of July 11, 2012, Godowski visited two (2) bars, Coyote's and Sir Richard's, and consumed the following[1]:

- A Jager Bomb[2] at 9:00 PM

- A 12 oz draft of Yuengling Traditional Lager at 9:18 PM, 9:36 PM, 9:54 PM, 10:12 PM, 10:30 PM, 10:48 PM, 11:06 PM, 11:24 PM, 11:42 PM, 12:00 AM, 12:18 AM

- A 6 oz draft of Yuengling Traditional Lager at 1:00 AM and 2:00 AM

- A Jager Bomb at 2:36 AM

---

[1] Godowski attempts to qualify his discovery response by adding: "This is a maximum estimate, as each of three pitchers contains 4 - 12 OZ Drafts and all pitchers were shared with others throughout the night, with nearly half the second and almost the entirety of the third given to others as is my custom." ECF Doc. 53-2. Godowski also states in his response to the City's motion that he had a "less than seven alcoholic beverages in six hours." ECF Doc. 55 at 3. Godowski's response, however, is not verified or executed under penalty of perjury. Similalry, Godowski "affidavit" submitted with his response, in which he states that he "at most drank one shot and five and a half beers before driving from Coyote's to Sir Richards" and then had one drink at Sir Richard's is also unsworn. ECF Doc. 55-1 at 14. The Court does not consider unsworn testimony for purposes of a motion for summary judgment. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158 n.17 (1970); *Gordon v. Watson,* 622 F.2d 120, 122 (5th Cir. 1980). Moreover, even if Godowski's response or affidavit had been verified, Godowski cannot create a genuine issue of material fact by disputing his own testimony. *See Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984); *Whitehead v. Burnside*, 403 F. App'x 401, 403 (11th Cir. 2010) ("self-serving statements by a plaintiff do not create a question of fact").

[2] A Jager Bomb is a drink containing Red Bull and a shot of Jägermeister. ECF Doc. 53-3 at 6.

2

ECF Doc. 53-2 (Plaintiff's verified interrogatory responses).

2. Godowski had not consumed any solid food in the preceding four (4) days (since July 6, 2012) because of a tooth ache. ECF Doc. 55 at 3; ECF Doc. 53-3 at 10-11.

3. Shortly after Godowski left Sir Richard's he was pulled over by Officer Craig for a broken taillight and for exceeding the speed limit. ECF Doc. 53-1.

4. Godowski admitted to Officer Craig that he knew his taillight was not working. ECF Doc. 53-1.

5. Godowski admitted that he "drank some beer." ECF Doc. 9-2 at 5.

6. Officer Craig smelled an odor of alcohol coming from Godowski's breath and observed that Godowski's eyes were glassy and his speech thick and slurred.[3] ECF Doc. 53-1.

7. Officer Craig conducted a field sobriety test on Godowski, which Godowski failed. ECF Doc. 53-1.

8. Officer Craig also administered a breathalyzer on Godowski, which showed that Godowski had a blood alcohol level of 0.165 at 3:48 AM and 0.149 at 3:51 AM. ECF Doc. 53-1; ECF Doc. 53-5.

---

[3] Godowski submitted the transcript of the department of motor vehicle hearing with his complaint. ECF Doc. 10-2. After listening to the video of the arrest, the hearing officer stated as follows in describing Godowski's speech, "you could hear the thickness in his voice. You could see the slow - - - I heard the slowness in his speech and then as it went on you could hear some slowed speech." ECF Doc. 10-2 at 53.

9. Godowski was arrested for driving under the influence ("DUI"). *See* ECF Doc. 53-1.

10. The state attorney announced a *nolle prosequi* in Godowski's case finding that although Godowski had one broken right rear taillight, his center taillight was working as was his left rear taillight and, thus, there was no probable cause to stop him. ECF Doc. 53-6.

11. Nonetheless, Godowski's driver's license was suspended by the Department of Highway Safety and Motor Vehicles, and the revocation was affirmed by the Circuit Court of Appeal, First Judicial Circuit, Escambia Florida. ECF Doc. 53-7.

## II. SUMMARY JUDGMENT STANDARD

In order to prevail on a motion for summary judgment, a defendant must show that plaintiff has no evidence to support his case, or present affirmative evidence that Plaintiff will be unable to prove his case at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a defendant successfully negates an essential element of plaintiff's case, the burden shifts to plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial. *Id.* The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

247-48 (1986). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id*. Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and a "scintilla" of evidence or conclusory allegations is insufficient. *Celotex Corp.*, 477 U. S. at 324; *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004). Likewise, speculation or conjecture from a party cannot create a genuine issue of material fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

Evidence presented by plaintiff in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to him. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jones v. Cannon*, 174 F.3d 1271, 1282 (11th Cir. 1999). Nonetheless, plaintiff still bears the burden of coming forward with sufficient evidence of every element that he must prove. *Celotex Corp.*, 477 U.S. 317 (1986). A motion for summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp.*, 477 U.S. at 322.

### III.   DISCUSSION

#### A. **PROBABLE CAUSE**

A warrantless arrest without probable cause violates the Fourth Amendment and can support a valid § 1983 claim. *See e.g., Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). To establish a malicious prosecution claim under the Fourth Amendment, Godowski must establish the elements of a common law malicious prosecution claim, which are as follows: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Id.* at 882; *see also, e.g., Grider v. City of Auburn*, 618 F.3d 1240, 1256 (11th Cir. 2010). The existence of probable cause is an absolute bar to Godowski's suit. *See Holt v. U.S. Atty. Gen.*, 486 F. App'x 97, 99 (11th Cir. 2012).

To establish probable cause, an arrest must be "objectively reasonable based on the totality of the circumstances." *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002); *see also Whren v. United States*, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."). An arrest is objectively reasonable where "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."

*Williamson v. Mills*, 65 F.3d 155, 158 (11th Cir. 1995).  Probable cause does not require proof beyond a reasonable doubt or even by a preponderance of the evidence. *See, e.g., Lee*, 284 F.3d at 1195 ("Although probable cause requires more than suspicion, it does not require convincing proof and need not reach the same standard of conclusiveness and probability as the facts necessary to support a conviction." (quotations and citation omitted).  Moreover, "[b]ecause probable cause deals with probabilities and depends on the totality of the circumstances, it is a fluid concept that is not readily, or even usefully, reduced to a neat set of legal rules." *District of Columbia v. Wesby*, — U.S. —, 138 S. Ct. 577, 589, 199 L. Ed. 2d 453 (2018).  For purposes of his §1983 action, it is Godowski's burden to show that probable cause did not exist.  *See Rankin v. Evans,* 133 F.3d 1425, 1436 (11th Cir. 1998).

Officer Craig arrested Godowski for DUI.  Under Florida law, a person is guilty of DUI if he is driving or in actual physical control over a vehicle and is affected by a substance to the extent that his normal facilities are impaired or he has a breath-alcohol level over .08.  *See* Fla. Stat. § 316.193.  According to the arrest report, after Officer Craig pulled Godowski's car over, he "observed the distinct and strong odor of an alcoholic beverage emitting from his breath, his eyes were glassy, his speech was thick and slurred and slow, he had poor manual dexterity, his face appeared pale and he had droopy eyelids."  ECF Doc. 53-1 at 1.  Godowski then submitted to standardized field sobriety tests, during which Godowski "exhibited

7

several signs of impairment." ECF Doc. 53-1 at 1. These signs were noted by Officer Craig in his DUI Report, as including "swaying" when standing and walking and "fumbl[ing]" when producing his credentials. ECF Doc. 53-4 at 1. After the sobriety tests were concluded, Officer Craig arrested Godowski for driving under the influence and transported him to the Escambia County jail. ECF Doc. 53-4 at 1. After arriving at the jail, Godowski underwent a breathalyzer test, which resulted in readings of 0.165 and 0.149. ECF Doc. 53-4 at 3.

Godowski has presented no evidence to refute the observations made by Officer Craig leading up to his arrest, namely that alcohol was emitting from his breath, that his eyes were glassy, his speech slurred, his eyelids were droopy and his face was pale. Godowski argues "exculpatory evidence" is not available because the camera was at an angle and neither he nor Officer Craig could be seen on video. ECF Doc. 9 at 5. This allegation, however, is conclusory and insufficient to create a genuine issue of material fact on summary judgment. *See Coroba v. Dillard's Inc.*, 419 F.3d 1169 (11th Cir. 2005) ("speculation does not create a genuine issue of fact"). Godowski also fails to present any credible evidence to dispute Officer Craig's observations regarding Godowski's performance on the field sobriety tests. Rather, Godowski tries to explain any limitations in his performance were caused by "pain due to leg stiffness, limited motion due to recent surgery and arthritis in hands." ECF Doc. 9 at 6. There is no indication, however, that these purported medical

limitations were made known to Officer Craig. Indeed, Officer Craig's observations are corroborated by the fact that Godowski, by his own admission, had somewhere between 4 and 12 drinks, including a Jager Bomb, just minutes before being pulled over, all on an empty stomach.

Moreover, while Godowski takes issue with the results of the breathalyzer tests, he has no credible basis for doing so.[4] In fact, when asked for evidence that the test results were flawed, Godowski simply references "literature" he has read. ECF Doc. 53-3 at 16. Godowski discusses in his deposition that he believes blood from the recent removal of wisdom tooth could have caused false results; he acknowledges that "[i]t's a speculation on my part." ECF Doc. 53-3 at 25. Similarly, while complaining of the need for a "hole" "drilled into Intoxilyzer 8000 machines to account for airflow issues," Godowski admits that he does not know whether such a hole existed in the subject machine. ECF Doc. 53-3 at 25. Godowski acknowledges that his belief that even if there was a hole, it was blocked was "pure speculation." ECF Doc. 53-3 at 25. Godowski has produced no credible evidence, just pure conjecture, to show any flaws in the breathalyzer machine used to measure his BAC level on the day of his arrest. Godowski's generalized and conclusory

---

[4] During his deposition, Godowski provided the following theories as to why the breathalyzer machine test results were faulty: residuals from a prior test, acid reflux, blood associated with the removal of a wisdom tooth, the lack of a hole for air flow, paint fumes, his body temperature, elevated ketones from not eating and elevated hematocrit levels. ECF Doc. 53-3 at 14-29. Godowski acknowledged that the only evidence he had to support these theories was "literature" he read, his belief and FDLE policies. ECF Doc. 53-3 at 23-24.

position that "I didn't drink enough for my body weight to cause any reading, even half of that, not even, and so that there's a machine flaw," simply is insufficient to create a genuine issue of material fact. *See Leigh v. Warner-Bros, Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000) ("[n]or are conclusory allegations based on subjective beliefs sufficient to create a genuine issue of material fact"); ECF Doc. 53-3 at 14.

There being no dispute that Godowski drank considerable amounts of alcohol before being pulled over and was observed by Officer Craig as appearing intoxicated, the undersigned finds that probable cause existed for Godowski's arrest, thereby precluding his Fourth Amendment claim against the City. *See e.g., Holt,* 486 F. App'x at 99 (finding probable cause existed for DUI arrest where facts showed that plaintiff's eyes were bloodshot, his speech slurred, he had difficulty standing and he smelled of alcohol); *Mathis v. Coats,* 24 So. 3d 1284, 1288 (2d DCA 2010) (factors for determining probable cause for a DUI arrest include odor of alcohol, slurred speech, lack of balance or dexterity, flushed face, bloodshot eyes and poor performance on field sobriety tests). Indeed, the Circuit Court of Appeal, First Judicial Circuit, Escambia County, Florida, previously determined that competent substantial evidence supported the hearing officer's factual finding of probable cause to arrest Godowski for DUI when it denied Godowski's petition for

writ of certiorari and affirmed the suspension of his license.[5] *See Dep't of Highway Safety and Motor Vehicle v. Rose*, 105 So. 3d 22, 24 (2d DCA 2012) (on certiorari review to the circuit court, "the relevant issue …was whether there was competent substantial evidence to support the hearing officer's factual finding of probable cause"); Fla. Stat. § 322.2615; ECF Doc. 53-7.[6] Moreover, the results of the breathalyzer tests, which were conducted after Godowski's arrest, even if flawed, are irrelevant. *See Brienza v. Gee*, 307 F. App'x 352, 354 (11th Cir. 2009) (because "arguable probable cause" is determined by the facts and circumstances present at the time of the arrest, the results of the breath and urinalysis test, conducted after the arrest, which showed no alcohol present in plaintiff's body, are irrelevant).

To the extent that Godowski seeks to argue there was no probable cause for his arrest because the City Attorney determined that no probable cause existed for Godowski to be pulled over for an inoperable taillight, that argument fails.[7] As the City correctly points out, the exclusionary rule, which encompasses the "fruit of the

---

[5] Although not raised by the City, Godowski is also collaterally estopped from disputing the existence of probable cause for his arrest since that issue was determined by the state court. *See Parris v. Taft*, 630 F. App'x 895, 900 (11th Cir. 2015) ("collateral estoppel precludes the relitigation of an issue that has already been litigated and resolved in a prior proceeding.").

[6] The hearing officer stated probable cause existed even without the field sobriety tests. ECF 10-2 at 52-53.

[7] The City argues that the City Attorney was incorrect in determining that there was no probable cause to pull Godowski over for a broken taillight. ECF Doc. 54 at 6. Based on the undersigned's reading of the relevant statutes, the undersigned agrees. Fla. Stat. §§ 316.221(1), 316.217(1)(a), 316.234(1). As stated above, however, whether probable cause existed for the taillight stop is not relevant to whether there was probable cause to arrest Godowski for DUI.

11

poisonous tree" doctrine, does not apply to civil proceedings. *See Black v. Wigington*, 811 F.3d 1259, 1268 (11th Cir. 2016) ("We now join our sister circuits and hold that the exclusionary rule does not apply in a civil suit against police officers."). In other words, the fact that the City Attorney determined there was no probable cause to pull Godowski over does not negate a finding of probable cause for Godowski's DUI arrest. *See id.* (affirming dismissal on qualified immunity grounds based on finding of probable cause from evidence obtained during an illegal search).

Because there was probable cause for Officer Craig to arrest Godowski for DUI, the undersigned finds that Officer Craig did not violate Godowski's constitutional rights. Without a constitutional violation committed by its employees, the City cannot be liable to Godowski under the Fourth Amendment. *Gurrera v. Palm Beach Cty. Sheriff's Office*, 657 F. App'x. 886, 893 (11th Cir. 2016) ("We thus note at the outset that Plaintiff's claim against the Sheriff's Office fails because he failed to adequately allege an underlying constitutional violation.").[8]

## B. CLAIMS AGAINST OFFICER CRAIG

Godowski also names Officer Craig as a defendant in this action. As stated

---

[8] Having found no constitutional violation was committed, the undersigned need not address whether the City is liable under a theory of supervisory liability. Regardless, Godowski has presented no evidence to support the finding that the City had a custom or policy of falsely arresting drivers for DUI. To the contrary, he alleged in his deposition that he believes Officer Craig failed to follow the City's policies and, as discussed above, also cites to the City's policies as his basis for believing the breathalyzer test was inaccurate. ECF Doc. 53-3 at 35-36.

above, the undersigned finds that Officer Craig had probable cause for arresting Godowski. A finding of probable cause, thus, also precludes a Fourth Amendment claim against Officer Craig, individually, for malicious prosecution or false arrest. Additionally, Godowski's claims against Officer Craig should be dismissed for failure to effectuate service.

Godowski filed his second amended complaint on December 6, 2017. A summons was returned unexecuted as to Officer Craig on April 12, 2018. A second summons was issued to Officer Craig on October 12, 2018, which was also returned unexecuted. On January 10, 2019, Magistrate Judge Kahn issued a report and recommendation, recommending Godowski's claims against Officer Craig be dismissed without prejudice for failure to effectuate service. ECF Doc. 36. Godowski responded in opposition to the report and recommendation, contending that he had "located Defendant Craig's actual address, current as of present day, January 22, 2019" ECF Doc. 40. Based on Godowski's representation, the District Judge did not adopt the report and recommendation and the matter was referred back to the magistrate judge. ECF Doc. 41.

On April 12, 2019, the undersigned entered an order directing service on Officer Craig at the address obtained by Godowski, and further stating, "this is the last time the Court will direct the USMS to attempt service of process on Defendant Craig. Should service be returned unexecuted, the undersigned will recommend

without further notice that Plaintiff's claims against Defendant Craig be dismissed without prejudice." ECF Doc. 49. On May 30, 2019, the summons was returned unexecuted as to Officer Craig. To date, Godowski has not effectuated service on Officer Craig. Accordingly, the undersigned finds that Godowski's claims against Officer Craig are also subject to dismissal under Rule 4(m).

### III. CONCLUSION

Accordingly, it is respectfully RECOMMENDED:

1. That Defendant City of Pensacola's Motion for Summary Judgment (ECF Doc. 54) be GRANTED.

2. That Plaintiff's claims against Defendant Bradley Craig be DISMISSED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 12th day of July, 2019.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.